UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN C. MANEES,<br><br>                 Plaintiff,<br><br>    v.<br><br>SUMMER ELDREDGE, RONA<br>SIEGERT, AUTUMN HAMMAN,<br>and PATRICK JONES,<br><br>                 Defendants. | Case No. 1:23-cv-00430-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Sean Manees' Amended

Complaint as a result of his status as an inmate and his in forma pauperis request. Dkts. 6,

1, 7. The Court must review the Amended Complaint to determine whether it or any of

the claims contained in it should be summarily dismissed under 28 U.S.C. §§ 1915 and

1915A. Having reviewed the record, and otherwise being fully informed, the Court enters

the following Order permitting Plaintiff to proceed.

**REVIEW OF AMENDED COMPLAINT**

### 1. Introduction

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a

complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints before they are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. An Eighth Amendment claim has two components. The first is an objective showing: the plaintiff must allege facts showing that

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The second component is a subjective showing: that the defendant acted with "deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." *Id.* at 837. To satisfy the subjective component, a prisoner must show that a prison official was aware of and recklessly disregarded an excessive risk to an inmate's health or safety. *Id.* at 838.

Importantly, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

## 2. Discussion

Plaintiff asserts that, in 2020, prior to his incarceration in the Idaho Department of Correction (IDOC) system, he was incarcerated in a federal facility, where he was diagnosed with Parkinson's disease and placed on medications for it. He was still taking the prescribed medications when he arrived at the IDOC after his transfer. After several months, nurse practitioner Summer Eldridge decided to take Plaintiff off his Parkinson's medications, despite his protests. She told him that there was no reason for him to be on

the medications because he did not have Parkinson's disease. After nearly two years, he was finally sent to a neurologist, who determined that Plaintiff was then in Stage II Parkinson's, whereas, before, he was in Stage I. He alleges that the stress of not being on his medications and having to endure the tremors, balance problems, and other symptoms that otherwise would have been alleviated by his medications, caused his disease to progress. Plaintiff has sufficiently stated a deliberate indifference claim against Eldridge.

Plaintiff asserts that he made all of the following supervisory officials aware of Eldredge's denial of Parkinson's medication and his need for it, and yet they did nothing to remedy the situation: Defendant Rona Siegert, an IDOC medical supervisor; Autumn Hamman, a supervisor for Centurion (the contracted private medical provider); and Patrick Jones, a health services administrator for Centurion. Plaintiff has sufficiently alleged that the supervisory defendants were deliberately indifferent to his need for Parkinson's medication and attendant suffering when they allegedly ignored the effect of Eldredge's decision to withhold the medication.

Plaintiff requests injunctive relief and monetary damages from Defendants and sues them in their individual and official capacities. An "official capacity" claim applies only to a true state actor, such as Siegert, who works for the IDOC. A claim against a state actor in an "official capacity" is considered a claim against the state, and the Eleventh Amendment's sovereign immunity bar applies. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims for money damages against states and state

actors in their official capacity are prohibited by Eleventh Amendment immunity. *See Hafer v. Malo*, 502 U.S. 21, 26 (1991).

Only claims for prospective injunctive relief against state officials are actionable as "official capacity" claims. *See Ex Parte Young*, 209 U.S. 123, 157-58 (1908). In such instances, a plaintiff may name as defendants officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999). Plaintiff may proceed against IDOC supervisor Rona Siegert in her official capacity for injunctive relief requiring the provision of proper medical care and in her individual capacity for monetary damages.

Plaintiff's "official capacity" claims against employees or contractors of Centurion are not cognizable. *See Kreis v. Northampton Cnty. Prison*, No. 21-cv-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (citing *Owens v. Connections Cmty. Support Programs, Inc.*, 840 F. Supp. 2d 791, 796 (D. Del. 2012)). Centurion is a private entity performing a public function that can be sued under § 1983 only under a *Monell* policy-based theory; *Monell* prohibits application of a respondeat superior theory (meaning that an employer is liable for an employee's acts just because of the employer-employee relationship). *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Monell*, 436 U.S. at 691, and *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). For these reasons, Plaintiff cannot proceed against any of the Centurion employees in their "official capacity," but he is

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

permitted to proceed against the Centurion employees in their individual capacity for monetary damages.

### 3.  Conclusion

Plaintiff may proceed on his claims as limited herein. This Order does not guarantee that any of Plaintiff's claims will be successful or that they have been presented in a procedurally proper manner. Rather, this Order merely finds that Plaintiff's claims are plausible—meaning that these claims will not be summarily dismissed at this time but should proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

### 4.  Request for Appointment of Counsel

Plaintiff also seeks appointment of counsel. Dkt. 6, p. 18. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). When the court does appoint counsel in civil rights actions, there is no designated federal fund from which to pay counsel, and it is often difficult to find counsel willing to serve pro bono (without compensation).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.*

Plaintiff's Amended Complaint, liberally construed, states a claim upon which relief could be granted if the allegations are proven at trial. Plaintiff states that, due to his hand tremor, he is unable able to write and must obtain help from another inmate to write his pleadings and papers for filing in this matter.

Providing physical help to prepare pro se pleadings and papers is a different question from whether appointment of counsel is necessary. It is the prison's duty to provide a sufficient access-to-the-courts delivery system for all of its prisoners, including those with disabilities. Plaintiff shall work through the prison legal resource center paralegal to ensure that his disabilities are accommodated, including providing a scribe, if needed.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider whether appointment of counsel is needed as the case progresses. Plaintiff may desire to seek private counsel on a contingency fee basis.

## ORDER

**IT IS ORDERED:**

1.      Plaintiff's Request for Appointment of Counsel (contained in the Amended Complaint) is DENIED without prejudice.

2.      Plaintiff may proceed on the following claims: Eighth Amendment claims against **Summer Eldredge, Rona Siegert, Autumn Hamman, and Patrick Jones.**

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

3.      Defendants will be allowed to waive service of summons by executing, or

having their counsel execute, the Waiver of Service of Summons as

provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30

days. If Defendants choose to return the Waiver of Service of Summons,

the answer or pre-answer motion will be due in accordance with Rule

12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the

Amended Complaint (Dkt. 6), a copy of this Order, and a Waiver of Service

of Summons to the following counsel:

a.      **Mary Karin Magnelli**, Deputy Attorney General for the State of

Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste.

110, Boise, Idaho 83706, on behalf of IDOC Defendant Rona

Siegert.

b.      **Aynsley Harrow Mull**, Associate General Counsel for Centurion, at

Ms. Mull's email address on file with the Court, on behalf of the

Centurion Defendants Summer Eldredge, Autumn Hamman, and

Patrick Jones.

4.      Should any entity determine that the individuals for whom counsel for the

entity was served with a waiver are not, in fact, its employees or former

employees, or that its attorney will not be appearing for the entity or for

particular former employees, it should file a notice within the CM/ECF

system, with a copy mailed to Plaintiff, indicating which individuals for

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

whom service will not be waived.

5.    If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

6.    The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7.    Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8.    Dispositive motions must be filed no later than 300 days after entry of this Order.

9.    Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10.     The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11.     All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12.     No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

13.     Plaintiff must notify the Court immediately if Plaintiff's address
changes. Failure to do so may be cause for dismissal of this case
without further notice.

14.     Pursuant to General Order 324, this action is hereby returned to the
Clerk of Court for random civil case assignment to a presiding
judge, on the proportionate basis previously determined by the
District Judges, having given due consideration to the existing
caseload.

DATED: January 30, 2024

B. Lynn Winmill
U.S. District Court Judge